IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BURNS :
        Appellant :
    VS. : 3:CV-08-1953
: (JUDGE VANASKIE)
ERMA MALO :
        Appellee :

MEMORANDUM

Mr. Joseph Burns entered into a construction contract with Mrs. Erma Malo to remodel areas of her home. A dispute arose between the parties as to who was responsible for obtaining the necessary building permits. Because the permits were never obtained, a stop work order was issued by the local borough officer. Subsequently, Mr. Burns filed for bankruptcy, and Mrs. Malo was listed by Burns as an unsecured creditor. Mrs. Malo filed suit to have the debt deemed nondischargeable under 11 U.S.C. § 523(a)(2)(A).[1] After a two day trial,[2] the United States Bankruptcy Court for the Middle District of Pennsylvania found that the debt was nondischargeable.

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. Citations to page numbers refer to the page number of the document on the CM/ECF electronic record.

[2] The trial in this matter was consolidated with the trial of two other matters involving Burns. See the Opinion of the Bankruptcy Judge at 1 n.4.

Mr. Burns appealed.[3]  For the reasons that follow, this Court will affirm.[4]

I.      BACKGROUND

As revealed in the Bankruptcy Judge's Opinion, a copy of which is attached to the Appellee's Brief (Dkt. Entry 11),[5] Mrs. Erma Malo, an 86 year-old widow who lives in Clarks Green, Pennsylvania, pursued this action after paying Mr. Burns $37,518.00 for his services.  Her daughter, Christine Malo, was living with her at all relevant times in this action as she was recovering from surgery.

Mr. Burns has worked in the construction industry for the past 40 years. He has worked on a wide array of construction projects.

Around late November, 2006, Erma Malo and Mr. Burns entered into negotiations to build a

---

[3] Initially, Mr. Burns was represented by counsel.  By Order dated July 22, 2009, counsel for Mr. Burns was granted leave to withdraw.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

[5] At the time that this appeal was brought, the Bankruptcy Rules required the appellant to file and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, withing ten days of the filing of the notice of appeal. See Fed. R. Bankr. P. 8006. The Rules further provided that "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Id.  Neither Mr. Burns nor the lawyer who represented him at that time complied with this Rule, and the record before the Court does not include the transcript of the testimony presented to the Bankruptcy Judge.  Accordingly, review in this case is limited to the Bankruptcy Judge's account of the evidence.

sunroom above Mrs. Malo's garage. Christine Malo participated in the negotiations, aiding her mother who has hearing impairments. During the negotiations, Burns said that he was a licensed contractor who had participated in numerous projects in the Wilkes-Barre area. Additionally, he showed the Malos a glossy pictorial binder of various commercial buildings he had worked on, and told Mrs. Malo he would take care of the entire project. Moreover, Burns represented that he would acquire the architectural plans that were necessary to obtain the building permits from the Clarks Green Borough. Subsequently, around December 15, 2006, Erma and Christine Malo signed a contract prepared by Burns, and Erma Malo tendered a $1,000.00 check.

Difficulties were encountered in completing the project. Although expressing dissatisfaction with the quality of the work, Mrs. Malo tendered "progress payments" to Mr. Burns that totaled $37,518 when work on the addition was halted by a borough official.

The work suspension was based upon the absence of a building permit for the construction work. Christine Malo and her friend, David Jacobosky, related that they confronted Burns multiple times about the permit. Each time Burns had an excuse, either claiming that the paper work was in the process of being completed, or he was waiting on the architect to finish the drawings. A subcontractor for Mr. Burns on the project, Robert William Shaffer, stated that he addressed the building permit issue with Burns. First, Burns told Shaffer he had the permit, but later stated that he was waiting for the homeowner to obtain the proper permits. Notably, the evidence indicated that Code Enforcement Officer Willard Ziesemer, the sole permit officer in Clarks Green, never met

3

nor spoke with Burns.

On January 15, 2007, Code Enforcement Officer Ziesemer sent Erma Malo a letter warning her that she was violating Pennsylvania's Uniform Construction Code and various local ordinances by undertaking construction without a permit. Not comprehending the import of the letter, Mrs. Malo placed the correspondence with other construction related paper work. Around February, 2007, Christine Malo came across the letter, and initiated a meeting with the code enforcement officer. Also, Christine Malo called Burns and demanded that he produce the building permit. On February 26, 2007, the Malos met with Code Enforcement Officer Ziesemer. He provided the Malos with the appropriate permit paperwork, and issued a stop work order until a permit was obtained.

Erma Malo filled out her portion of the permit application. Mr. Burns, however, refused to return multiple messages left for him by Christine Malo, and never completed his portion of the permit application. The relationship further deteriorated, and, in March 2007, the Malos prohibited Burns from entering Mrs. Malo's property in order to complete the project.

Concluding that the evidence established fraudulent conduct on the part of Mr. Burns and justifiable reliance by Mrs. Malo that resulted in financial loss, the Bankruptcy Judge, without finding a specific amount of loss, held that Mr. Burns's indebtedness to Mrs. Malo was not dischargeable under 11 U.S.C. § 523(a)(2)(A). Mr. Burns now appeals, arguing that the Bankruptcy Court erred in finding any indebtedness he may have to Mrs. Malo to be

4

nondischargeable.

II.     DISCUSSION

The standard of review of the Bankruptcy Court's decision is well-established. This Court reviews findings of fact for clear error. Fed. R. Bankr. P. 8013; In re CellNet Data Systems, Inc., 327 F.3d 242, 244 (3d Cir. 2003). "We review legal conclusions *de novo* and mixed questions of law and fact under a mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." Id. Accord, Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir. 1995).

Mr. Burns argues that the Bankruptcy Judge erred in finding that Burns fraudulently induced Mrs. Malo to enter into the home remodeling contract.[6] In particular, he assails the finding that Mrs. Malo justifiably relied upon representations attributed to him, particularly the representation that he would obtain the requisite building permit.[7] Observing that the construction contract lacked

---

[6] Mr. Burns fails to cite any case law in his appellate brief. (Dkt. Entry 9.)

[7] Mr. Burns describes the pre-contract representations he made as a "sales pitch" that cannot induce reasonable reliance. (Appellant's Brief, Dkt. Entry 9, at 3.) Mr. Burns is correct to argue that mere sales "puffing" cannot sustain a fraud claim. "To say that a statement is mere 'puffing' is, in essence to say that it is immaterial." Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 200 (3d Cir. 1990). The Bankruptcy Judge, however, found that Burns made representations that went beyond a sales pitch, including the representation that he would take care of everything necessary to obtain the building permit. The Bankruptcy Court further concluded that Mr. Burns's representations that he would obtain the permit to be "particularly material." (Dkt. Entry 11 at 27.) This determination is not erroneous. As explained by the Bankruptcy Judge, given his self-proclaimed experience in the construction business, Mr. Burns had to know that a building permit was needed, but nonetheless commenced the project without having received one from Mrs. Malo or the Borough. This is telling circumstantial evidence that Burns had in fact assured Mrs. Malo, as

any building permit language, Mr. Burns argues that Mrs. Malo, as homeowner, bore the obligation to obtain the permit. Also, Mr. Burns claims that Mrs. Malo could not be defrauded because her daughter, Christine, assisted her mother in managing the construction project.

Under 11 U.S.C. § 523(a)(2)(A), a debt is not discharged when a creditor provides funds based upon "false pretenses, a false representation, or actual fraud . . . ." In this Circuit:

> [T]he creditor must prove that: 1) the debtor represented a fact, opinion, intention, or law; 2) the representation was false; 3) the representation was material; 4) the debtor obtained money, property, or services through the misrepresentation; 5) the debtor knew at the time that the statement was false; 6) the debtor intended the creditor to rely on the statement; 7) the creditor actually relied on the statement; 8) the reliance was justified; 9) the creditor sustained damage; and 10) the damages were the proximate result of the false representation.

In re Casini, 307 B.R. 800, 815 (D.N.J. 2004) (citations omitted). Intent can be inferred from the totality of the circumstances. In re Cohen, 54 F.3d 1108, 1118-19 (3d Cir. 1995).

There is no contention in this case that the Bankruptcy Court failed to apply the governing rules of law in deciding whether the claim of Mrs. Malo was not dischargeable. Instead, Mr. Burns complains of the factual findings made by the Bankruptcy Judge. As noted above, review of the Bankruptcy Judge's findings of fact is limiting to determining whether they are "clearly erroneous." "A factual finding is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" In re CellNet, 327 F.3d at

---

well as her daughter, that he was taking care of the matter. His later disavowal of responsibility to obtain the permit supports an inference of an intent to defraud when he assured the Malos that he would procure the permit.

244. Mr. Burns, however, has failed to provide this Court with any basis for determining that the Bankruptcy Court's findings were clearly erroneous. The record on appeal does not contain any part of the trial transcript.

Where, as here, the record on appeal does not contain the testimony upon which the Bankruptcy Court's findings of fact are based, this Court "must . . . assume that the findings of fact are supported by the evidence which the court had before it." Chase v. African Methodist Episcopal Church, 108 F.2d 977, 978 (3d Cir. 1940). See also Frankel v. Moody, 393 F.2d 279, 280 n.1 (3d Cir. 1968) ("an opinion by the [lower] court generally cannot be used to contradict its findings of fact") (citing England v. Gebhardt, 112 U.S. 502, 506 (1884). As one appeals court has explained:

> The Appellant is responsible for presenting sufficient portions of the bankruptcy court record to prove the error claimed. R.D.F. Devs., Inc. v. Sysco Corp. (In re R.D.F. Devs., Inc.), 239 B.R. 336 (B.A.P. 6th Cir.1999). Where an appellant fails to meet his burden to provide an adequate record on appeal, it is impossible for a panel to determine that the bankruptcy court's findings were clearly erroneous. Abrams v. Sea Palms. Assocs. Ltd. (In re Abrams), 229 B.R. 784, 789 (B.A.P. 9th Cir.1999) (affirming the bankruptcy court's findings of fact in light of the inadequate record on appeal). In the present case, without the trial transcript, the record is inadequate. Therefore, the presumption that the bankruptcy court acted properly and made correct factual findings must prevail. See In re R.D.F. Devs., Inc., 239 B.R. at 340.

In re Long, No. 07-8022, 2008 WL 552495, *3 (6th Cir. Feb. 29, 2008). Accord In re Grey, 902 F.2d 1479, 1482 (10th Cir. 1990) (failing to submit complete trial transcript as part of appellate record foreclosed debtor's arguments that bankruptcy court made erroneous factual determinations); In re Armstrong, 294 B.R. 344, 361 (10th Cir. 2003) (same, noting that "burden of

7

providing an appellate court with an adequate record for review is on the appellant."); In re Abrams, 229 B.R. 784, 789 (9th Cir. 1999) (stating bankruptcy court's findings of fact upheld because appellant "has not filed an adequate record, thereby rendering the panel incapable of determining the proprietary of the bankruptcy court's findings."); In re Solomon, Nos. 96-11201, 96-11528, 96-11529, 1997 WL 680934, *6 (5th Cir. 1997) ("In the absence of a transcript, we must presume the bankruptcy court's findings of fact are correct and supported by the evidence; therefore, [Appellant] simply cannot meet his burden on appeal"); Plummer v. Springfield Terminal Ry. Co., 5 F.3d 1, 5 (1st Cir. 1993) (declining to address factually dependent issue because appellant "fail[ed] to provide a transcript of the pertinent proceedings in the [] court [below]") (citation omitted). Therefore, because Mr. Burns failed to submit a trial transcript as part of the appellate record, this Court has not basis for setting aside the Bankruptcy Court's factual determinations. Those findings of fact lead inexorably to the conclusion that the debt in question is not dischargeable. In particular, the finding that Mr. Burns had promised falsely to obtain the necessary permit provides an ample foundation for the Bankruptcy Court's legal conclusion. That the written construction contract was silent on the issue only serves to buttress the conclusion that Mrs. Malo's reliance upon Mr. Burns's verbal assurances was justifiable.

III.     CONCLUSION

For the reasons set forth above, the Bankruptcy Court's ruling will be affirmed.  An appropriate Order follows.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH BURNS          :
    Appellant    :
    VS.          :      3:CV-08-1953
                 :      (JUDGE VANASKIE)
ERMA MALO             :
    Appellee     :

## ORDER

NOW, THIS 9th DAY OF MARCH, 2010, for the reasons set in the foregoing memorandum, IT IS HEREBY ORDER THAT the July 11, 2008 Order of the United States Bankruptcy Court for the Middle District of Pennsylvania, finding that the debt owed to Erma Malo is nondischargeable, is AFFIRMED.

                                s/ Thomas I. Vanaskie
                                Thomas I. Vanaskie
                                United States District Judge